UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | CR420-095-1 |
| RODNEY BRYANT, | ) ) | |
| Defendant. | ) | |

**ORDER**

Defendant Rodney Bryant is charged with one count of production of child pornography by a parent or guardian, in violation of 18 U.S.C. § 2251(b), one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1). *See generally* doc. 3 (Indictment). A Pretrial Conference was held on June 6, 2022, and trial is scheduled to begin on June 14, 2022. *See* doc. 120. The Government has provided two notices, pursuant to Federal Rule of Evidence 404(b), of its intent to introduce "other act" evidence. *See* docs. 144 & 149.

Defendant has objected to those notices. *See* docs. 160 & 161. The Government has replied. *See* docs. 162 & 163.

"Uncharged crimes, wrongs, or acts may be admissible either as intrinsic or extrinsic evidence, provided evidence of the conduct meets certain criteria." *United States v. White*, 848 F. App'x 830, 839–40 (11th Cir. 2021). As the Eleventh Circuit has explained regarding intrinsic evidence:

> Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (internal quotes and cites omitted). Intrinsic evidence falls outside the scope of Rule 404(b) and is admissible if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense. *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). "Evidence is inextricably intertwined if it is an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for

which the defendant was indicted.'" *Id.* (quoting *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989)). Intrinsic evidence must also satisfy the requirements of Rule 403, discussed below. *See United States v. Shabazz*, 887 F.3d 1204, 1216 (11th Cir. 2018).

Extrinsic evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Evidence may be admitted under the Rule if the proponent can demonstrate: "(1) a proper purpose for introducing the evidence; (2) that the prior act occurred, and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have." *United States v. Cancelliere*, 69 F.3d 1116, 1124 (11th Cir. 1995) (citing *United States v. Perez–Garcia*, 904 F.2d 1534, 1544 (11th Cir.1990)). This framework governs regardless of whether the prior activity might give rise to criminal liability. *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995).

"All admissible evidence, whether intrinsic or extrinsic, must be weighed against Rule 403 prejudice." *Troya*, 733 F.3d at 1131. Whether independently applied or applied as the third prong of the Rule 404(b) analysis, Rule 403 requires exclusion of evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. Exclusion under Rule 403 is an extraordinary remedy, and where the evidence is central to the prosecution's case it should not lightly be excluded. *Troya*, 733 F.3d at 1131-1132. "[T]he balance should be struck in favor of admissibility." *Id.* at 1132.

### A. Prior Incident

The Government's first notice states that it intends to introduce "testimony that during . . . "boys weekends" at Defendant's Philadelphia home minor children would run around the house naked after showering, until the Defendant told them to get dressed." Doc. 144 at 3. On one of those occasions, "a minor child was laying on a bed naked, watching television when the child saw what the child believed to be a camera flash." *Id.* When "[t]he child asked the Defendant if the Defendant had taken a picture . . . the Defendant responded, 'turn around' and that he

4

was just 'testing this.'" *Id.* The Government's original notice does not identify its purpose in presenting the testimony.

Defendant's objection clarifies that the testimony in question comes from J.E., who is co-defendant Adrianna Bryant's adult brother. *See* doc. 160 at 1. The incident allegedly occurred when J.E. was seven to eight years old. *Id.* Defendant also contends that the incident was not originally disclosed. Because it was not initially disclosed, Defendant contends that "[t]he intent and motive of JE, his sister [co-defendant] Adrianna and their mother is suspect given that Adrianna Bryant is now a cooperating co-defendant." *Id.* He also contends that the proffered evidence is too vague, and "unrelated and dissimilar to any allegation of wrongdoing against the accused." *Id.* at 1-2. Finally, he contends that the prejudice "far outweighs" its probative value, if any. *Id.* at 2.

The Government has replied, conceding that the testimony is extrinsic evidence, but providing further detail concerning its satisfaction of the three requirements. *See* doc. 163 at 2 (citing *Cancelliere*, 69 F.3d 116), 5-7. The Government states that the purpose of the testimony is "to establish the knowledge, plan, lack of mistake or accident [sic]." *Id.* at 5. As to the second prong, the Government points to further

5

similarities between conduct that co-defendant Adrianna Bryant will testify to having witnessed and the content of J.E.'s testimony itself as providing a sufficient basis for the jury to find that Defendant was the actor. *Id.* at 6. The Government rejects Defendant's imputation of the motive of the witnesses as relative to admissibility, instead arguing those are "questions of weight . . . ." *Id.* at 6. Finally, the Government argues, without much detail, that the prejudice does not outweigh the probative value of the evidence. *See id.* at 7.

The Court agrees that the Government has made the requisite showings. First, the Government has identified several permissible grounds to which the prior incident is relevant, other than mere propensity.[1] As the Government points out, the charged conduct in this case involves Defendant allegedly taking photographs of minors who were "encourage[ed] . . . to be conspicuously naked within the home." Doc. 163 at 5. The similarity of this charged conduct to the alleged photograph of J.E. taken during the "boys weekend" supports its

---

[1] Defendant's objection to the Government's notice includes an assertion that "this tendered information is not relevant and constitutionally inadmissible as defined by Federal Rules of Evidence 401 and 402." Doc. 160 at 2. To the extent that Defendant intended to assert a relevancy objection, separate from his objection under Rule 404, that objection is **OVERRULED**. Doc. 160.

admission. *Cf. United States v. Brimm*, 608 F. App'x 795, 799-800 (11th Cir. 2015) (testimony showing a defendant's "modus operandi" was properly admitted under Rule 404(b), based, in part, on "highly similar" details between the prior incident and charged conduct). Second, a witness's testimony, depending on its content, would be sufficient to permit the jury to conclude the act occurred and that Defendant was the actor. *See, e.g., United States v. Griffin*, 783 F. App'x 881, 884 (11th Cir. 2019) ("A single witness's uncorroborated testimony can provide an adequate basis for a jury to find that the prior act occurred."). Finally, the Court cannot conclude that the prejudice of the evidence substantially outweighs its probative value.[2] *See, e.g., United States v. Pierre-Louis*, 860 F. App'x 625, 634 (11th Cir. 2021) (when weighing prejudice and probative value under Rule 404(b), "the balance should be

---

[2] Defendant's assertion of the testimony's prejudice is wholly conclusory. *See* doc. 160 at 2. As the Government points out, however, probative evidence in criminal cases is frequently, if not always, prejudicial. Doc. 163 at 7 (quoting *United States v. Terzado-Madruga*, 897 F.2d 1099, 1118-19 (11th Cir. 1990)). In the absence of a clearer explanation by Bryant of the claimed prejudice, the Court cannot conclude that it outweighs the probative value of the evidence, much less that it substantially outweighs that value. As the Eleventh Circuit has stated: "Rule 404(b) is one of inclusion which allows extrinsic evidence unless it tends to prove *only* criminal propensity." *United States v. Tercero*, 859 F. App'x 506, 507 (11th Cir. 2021) (internal quotation marks and citation omitted).

struck in favor of admissibility." (internal quotation marks and citation omitted)).

## B. Email Address Evidence

The Government's second notice states that it intends to introduce evidence, "that the Defendant Rodney Bryant created and utilized the email addresses shawnsmith353@yahoo.com and solitude.kabba@yahoo.com to promote false identities and coverup criminal conduct." Doc. 149 at 3. The Government states that the evidence "related to these email addresses and false identities, such as forged paternity documents, were found on a digital device seized from the defendant's residence." *Id.* It identifies three purposes for the evidence: "1) to establish the defendant's familiarity with the digital devices seized from the residence, the documents and e-mail accounts stored therein; 2) to demonstrate the defendant's use of digital devices and e-mail accounts to create and promote false information and identities; and 3) to demonstrate the defendant's use of technology to exchange child pornography." *Id.*

Defendant objects that the evidence is "unrelated and dissimilar to any allegation of wrongdoing alleged against" him. Doc. 161 at 1. He

8

further objects that "[t]his allegation was never presented to a grand jury." *Id.* He argues that the evidence in question was not sufficiently specified from among "the hundreds of thousands of pages of discovery materials . . . ," and that no witness was identified who would testify concerning the evidence. *Id.* Finally, he contends that the information "will only tend to place [his] character in a bad light[,]" and that the prejudice "far outweighs any probative value of this type of evidence . . . ." *Id.* at 1-2.

The Government's reply argues, first, that the evidence is intrinsic to the charged offense. *See* doc. 162 at 8. Specifically, it argues that "[t]he narrative surrounding Defendant's charged offenses would be woefully incomplete without evidence that [he] used the email accounts to possess and exchange child pornography, used false paternity documents to disguise the true father of [Minor Victim] 1, and used false identities to try and conceal his criminal activity." *Id.* In particular, the Government points out that it expects to offer evidence that the "forged paternity test" in question "states that Rodney Bryant is not the father of MV1," *id.* at 6, one of the victims identified in the Indictment's charge of production of child pornography by a parent or guardian, *see* doc. 3 at 1. The

Government also expects to present evidence that "during interviews of Defendant and Adrianna Bryant, they both initially claimed that "Shawn Smith" was the person responsible for any child pornography found in the Bryant home." Doc. 162 at 6.

Even if the evidence is not intrinsic to the charged conduct, the Government argues it is properly admitted as extrinsic evidence. *See* doc. 162 at 9-11. The Government argues that the evidence is relevant to Defendant's knowledge and intent as to the charge of production of child pornography by a parent or guardian. *See id.* at 9-10. The Government also states that it is prepared to provide evidence, in the form of "subscriber information and Internet Protocol records from Oath (Yahoo!), Facebook, and Mega" sufficient to connect Defendant to the email addresses in question. *Id.* at 7. Finally, it argues that the risk of prejudice does not substantially outweigh the probative value of the evidence because the evidence is relevant to show his knowledge and intent, and to rebut "Defendant's apparent defense that someone else

produced, possessed, and transported the pornographic pictures." *Id.* at 11.

The Court agrees, based on the Government's proffer of the expected evidence, that the email address evidence is intrinsic to the charged conduct. To the extent that the email addresses were used to facilitate the production, possession, and transportation of child pornography, that evidence is inextricably intertwined with the charged offenses. The Government's argument that the "narrative" of the charged offenses inextricably involves the email addresses that he allegedly used "to possess and exchange child pornography," and to conceal his criminal activity, including an email address apparently in the same name as the individual both he and his co-defendant Adrianna Bryant proffered to investigators as "responsible for any child pornography found in the Bryant home," further supports the conclusion that the evidence in question forms an integral part of the narrative of the crime. *See, e.g., United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (explaining scope of "intrinsic" uncharged conduct evidence).

Even if the evidence in question were not "intrinsic," however, the Government has made a sufficient showing to admit the evidence under

Rule 404(b). First, the Government proffers that the existence of the email addresses is relevant to show Defendant's intent and knowledge. *See* doc. 162 at 9-10. Second, the Government states that it expects to provide evidence sufficient to conclude that Defendant was responsible for the email addresses. *See, e.g, id.* at 6-7. Finally, the Government points to the substantial probative value of the evidence. *Id.* at 10-11. Given Defendant's conclusory assertion of the prejudicial character of the evidence, *see* doc. 161 at 2, the Court cannot conclude that it "substantially outweighs" the probative value.

Finally, Defendant's objections that there is "no pending charge regarding false paternity documents," that the evidence in question was not presented to a grand jury, and that the evidence in question was not sufficiently identified are too vague to support excluding the evidence. *Cf. Spears v. Wal-Mart Stores East, L.P.*, 2021 WL 5514008, at *3 (S.D. Ga. Sept. 13, 2021) (rejecting motion *in limine* as "too vague and generalized"); *United States v. Bain*, 2020 WL 10352398, at *2 (S.D. Fla. Nov. 3, 2020) (same). The Court also notes that the Government disputes the legal sufficiency of those objections. *See* doc. 162 at 7. Since Defendant's objection does not cite any legal authority supporting those

bases, *see* doc. 161 at 1, despite the Court's requirement, *see* S.D. Ga. L. Crim. R. 12.1, they might alternatively be overruled on that basis.

Accordingly, Defendant's objections to the evidence described in the Government's Notices, docs. 144 & 149, are **OVERRULED**. Docs. 160 & 161. Defendant may renew his objections to the evidence at trial based on the evidence actually presented by the Government. *Cf. Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) ("[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." (citation omitted)).

**SO ORDERED,** this 9th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA